# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

JOHN KIRBY WRIGHT     PLAINTIFF
ADC #99769

V.     NO: 2:14CV00004 JLH/HDY

MIKE BEEBE *et al.*     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff John Kirby Wright, an inmate currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), on January 9, 2014. Defendants are Arkansas Governor Mike Beebe, Arkansas State Senator Ruth Whitaker, Arkansas Attorney General Dustin Mc Daniel, and ADC Director Ray Hobbs.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

In his complaint, Plaintiff appears to allege that Defendants have ignored his complaints that prison officials have used hypnosis to cause him memory loss and physical problems, threatened him, destroyed property, and engaged in other activities, in concert with a movie agent and federal agents, to interfere with his release plan.  Plaintiff apparently believes these activities have kept him in prison five years beyond his parole date.  It appears that Plaintiff also asserts that hypnosis has resulted in destruction of legal work and documents he planned to use in other lawsuits.[1]

Because any determination that Plaintiff's release date has been improperly delayed would suggest the invalidity of his current confinement, and there is no indication that his sentence has been reversed, expunged, or called question by a writ of *habeas corpus*, his complaint should be dismissed. *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged

---

[1]Plaintiff's complaints references several other lawsuits, at least two of which are federal lawsuits in some stage of the appeal process: *Wright v. Hobbs et al.*, ED/ AR No. 2:13CV78 and *Wright v. Bush et al.*, ED/AR No. 4:12CV717.

or called into question by issuance of a federal writ of *habeas corpus*)

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. All pending motions be DENIED.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   4   day of February, 2014.

UNITED STATES MAGISTRATE JUDGE